AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
Los Angeles, CA 90071
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Facsimile:  (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION,
AND G.D. SEARLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| This document relates to | CASE NO. 3:08-cv-1351-CRB |
| ROMMIE ANDERSON, et al., | **PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** |
| Plaintiffs, | |
| vs. | **JURY DEMAND ENDORSED HEREIN** |
| PFIZER, INC., PHARMACIA CORPORATION, G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), and MONSANTO COMPANY, | |
| Defendants. | |

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1])

3  ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file their

4  Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as

5  follows:

6    **I.**

7    **PRELIMINARY STATEMENT**

8    The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

9  Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

10  generally.    Defendants may seek leave to amend this Answer when discovery reveals the

11  specific time periods in which Plaintiffs were prescribed and used Celebrex®.

12    **II.**

13    **ANSWER**

14    **Response to Allegations Regarding Parties**

15  1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

16  deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17  periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

18  States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19  accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20  time, Celebrex® were manufactured and packaged for Searle, which developed, tested,

21  marketed, co-promoted, and distributed Celebrex® in the United States to be prescribed by

22  healthcare providers who are by law authorized to prescribe drugs in accordance with their

23  approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

24

25  ───────────────
[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity
known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31,
2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company,

26  Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag
Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the

27  agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed
Celebrex®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing

28  Celebrex®, *see* PLAINTIFFS' COMPLAINT at ¶ 11, Defendants assume Plaintiffs mean to refer to 1933 Monsanto.
As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.
2    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,
3    and deny the remaining allegations in this paragraph of the Complaint.

4    7.      Defendants are without knowledge or information sufficient to form a belief as to the
5    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,
6    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.
7    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,
8    and deny the remaining allegations in this paragraph of the Complaint.

9    8.      Defendants are without knowledge or information sufficient to form a belief as to the
10   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,
11   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.
12   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,
13   and deny the remaining allegations in this paragraph of the Complaint.

14   9.      Defendants are without knowledge or information sufficient to form a belief as to the
15   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,
16   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.
17   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,
18   and deny the remaining allegations in this paragraph of the Complaint.

19   10.     Defendants are without knowledge or information sufficient to form a belief as to the
20   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,
21   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.
22   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,
23   and deny the remaining allegations in this paragraph of the Complaint.

24   11.     Defendants are without knowledge or information sufficient to form a belief as to the
25   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,
26   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.
27   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,
28   and deny the remaining allegations in this paragraph of the Complaint.

1    12.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

3    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

4    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

5    and deny the remaining allegations in this paragraph of the Complaint.

6    13.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

8    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

9    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

10   and deny the remaining allegations in this paragraph of the Complaint.

11   14.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

13   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

14   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

15   and deny the remaining allegations in this paragraph of the Complaint.

16   15.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

18   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

19   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

20   and deny the remaining allegations in this paragraph of the Complaint.

21   16.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

23   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

24   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

25   and deny the remaining allegations in this paragraph of the Complaint.

26   17.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

28   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

21.     Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22.     Defendants admit that Searle is a Delaware limited liability company with its principal

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   place of business in Illinois. Defendants admit that Pharmacia acquired Searle in 2000 and that,

2   as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

3   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

4   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

5   Celebrex® in the United States to be prescribed by healthcare providers who are by law

6   authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny

7   the remaining allegations in this paragraph of the Complaint.

8   23.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933

9   Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of

10  1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

11  to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company,

12  was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company

13  changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged

14  in the agricultural business and does not and has not ever manufactured, marketed, sold, or

15  distributed Celebrex®. The 2000 Monsanto is not and has never been the parent of either

16  Searle or Pharmacia. As the 2000 Monsanto does not and has not ever manufactured, marketed,

17  sold, or distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a

18  proper party in this matter. Defendants deny the remaining allegations in this paragraph of the

19  Complaint. Defendants state that the response to this paragraph of the Complaint regarding

20  Monsanto is incorporated by reference into Defendants' responses to each and every paragraph

21  of the Complaint referring to Monsanto and/or Defendants.

22  24.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

23  business in New Jersey. Defendants admit that Pharmacia acquired Searle in 2000 and that, as

24  the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

25  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

26  Celebrex® in the United States, including California, to be prescribed by healthcare providers

27  who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

28  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-7-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## Response to Allegations Regarding Jurisdiction and Venue

25.     Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount in controversy exceeds $75,000, exclusive of interests and costs.

26.     Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

27.     Defendants are without knowledge or information to form a belief as to the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny committing a tort in the States of California, Michigan, Washington, South Dakota, Vermont, Wisconsin, Kentucky, New Mexico, South Carolina, and Arkansas, and deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the State of and California.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

1   the same.    Defendants deny committing a tort in the States of California, Michigan,

2   Washington, South Dakota, Vermont, Wisconsin, Kentucky, New Mexico, South Carolina, and

3   Arkansas, and deny the remaining allegations in this paragraph of the Complaint.

4   **Response to Allegations Regarding Interdistrict Assignment**

5   29.    Defendants state that this paragraph of the Complaint contains legal contentions to

6   which no response is required.    To the extent that a response is deemed required, Defendants

7   admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

8   and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

9   Panel on Multidistrict Litigation on September 6, 2005.

10   **Response to Factual Allegations**

11   30.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

13   Celebrex® and, therefore, deny the same.    Defendants state that Celebrex® was and is safe and

14   effective when used in accordance with its FDA-approved prescribing information.    Defendants

15   state that the potential effects of Celebrex® were and are adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law.    Defendants deny any wrongful conduct, deny that

18   Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

19   paragraph of the Complaint.

20   31.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

22   Celebrex® and, therefore, deny the same.    Defendants state that, in the ordinary case,

23   Celebrex® was expected to reach users and consumers without substantial change from the

24   time of sale.    Defendants deny the remaining allegations in this paragraph of the Complaint.

25   32.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

27   Celebrex® and, therefore, deny the same.    Defendants state that Celebrex® was and is safe and

28   effective when used in accordance with its FDA-approved prescribing information.    Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  state that the potential effects of Celebrex® were and are adequately described in its FDA-

2  approved prescribing information, which was at all times adequate and comported with

3  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

4  remaining allegations in this paragraph of the Complaint.

5  33.    Defendants state that the allegations in this paragraph of the Complaint regarding

6  aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no

7  response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times,

8  referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the

9  remaining allegations in this paragraph of the Complaint.

10  34.    Defendants state that the allegations in this paragraph of the Complaint are not directed

11  towards Defendants and, therefore, no response is required.  To the extent that a response is

12  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

13  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

14  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

15  35.    Defendants state that the allegations in this paragraph of the Complaint are not directed

16  towards Defendants and, therefore, no response is required.  To the extent that a response is

17  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

18  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

19  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20  *    Plaintiffs' Complaint begins numbering at Paragraph 19 here.

21  19.    Defendants state that the allegations in this paragraph of the Complaint are not directed

22  towards Defendants and, therefore, no response is required.  To the extent that a response is

23  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

24  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

25  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

26  20.    Defendants state that the allegations in this paragraph of the Complaint are not directed

27  towards Defendants and, therefore, no response is required.  To the extent that a response is

28  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

1  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

2  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

3  21.    Defendants state that the allegations in this paragraph of the Complaint regarding "other

4  pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

5  required.  To the extent a response is deemed required, Defendants state that, as stated in the

6  FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

7  be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

8  (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

9  cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiffs fail to provide the proper context for the

10  remaining allegations in this paragraph and Defendants therefore lack sufficient information or

11  knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

12  allegations in this paragraph of the Complaint.

13  22.    Defendants state that the allegations in this paragraph of the Complaint regarding

14  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

15  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

16  the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

17  mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

18  primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

19  humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants

20  state that Celebrex® was and is safe and effective when used in accordance with its FDA-

21  approved prescribing information.  Defendants state that the potential effects of Celebrex®

22  were and are adequately described in its FDA-approved prescribing information, which was at

23  all times adequate and comported with applicable standards of care and law.  Defendants deny

24  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25  23.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

26  Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted

27  approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

28  osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

2    reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

3    ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery).  Defendants deny

4    the remaining allegations in this paragraph of the Complaint.

5    24.    Defendants admit that Celebrex® was launched in February 1999.  Defendants admit

6    that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

7    Celebrex® in the United States to be prescribed by healthcare providers who are by law

8    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

9    that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

10    which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

11    to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

12    accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe

13    and effective when used in accordance with its FDA-approved prescribing information.

14    Defendants state that the potential effects of Celebrex® were and are adequately described in its

15    FDA-approved prescribing information, which was at all times adequate and comported with

16    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

17    remaining allegations in this paragraph of the Complaint.

18    25.    Defendants state that the referenced article speaks for itself and respectfully refer the

19    Court to the article for its actual language and text.  Any attempt to characterize the article is

20    denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

21    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

22    this paragraph of the Complaint.

23    26.    Defendants state that the referenced article speaks for itself and respectfully refer the

24    Court to the article for its actual language and text.  Any attempt to characterize the article is

25    denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

26    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

27    this paragraph of the Complaint.

28    27.    Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    with its FDA-approved prescribing information.  Defendants state that the potential effects of

2    Celebrex® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants deny the allegations in this paragraph of the Complaint.

5    28.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Celebrex® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10   the Complaint.

11   29.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

12   on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

13   characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

14   2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

15   and respectfully refer the Court to the study for its actual language and text.  Any attempt to

16   characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

17   the Complaint.

18   30.    Defendants state that the referenced Medical Officer Review speaks for itself and

19   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

20   attempt to characterize the Medical Officer Review is denied.  Defendants state that the

21   referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court

22   to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to

23   characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining

24   allegations in this paragraph of the Complaint.

25   31.    Defendants state that the referenced study speaks for itself and respectfully refer the

26   Court to the study for its actual language and text.  Any attempt to characterize the study is

27   denied.  Defendants state that the referenced article speaks for itself and respectfully refer the

28   Court to the article for its actual language and text.  Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

2    paragraph of the Complaint.

3    32.    Defendants state that the referenced Medical Officer Review speaks for itself and

4    respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

5    attempt to characterize the Medical Officer Review is denied.  Defendants state that the

6    referenced article speaks for itself and respectfully refer the Court to the article for its actual

7    language and text.  Any attempt to characterize the article is denied.  Defendants deny the

8    remaining allegations in this paragraph of the Complaint.

9    33.    Defendants state that the referenced article speaks for itself and respectfully refer the

10   Court to the article for its actual language and text.  Any attempt to characterize the article is

11   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

12   paragraph of the Complaint.

13   34.    Defendants state that the referenced articles speak for themselves and respectfully refer

14   the Court to the articles for their actual language and text.  Any attempt to characterize the

15   articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

16   refer the Court to the study for its actual language and text.  Any attempt to characterize the

17   study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18   35.    Defendants state that the referenced Medical Officer Review speaks for itself and

19   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

20   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

21   allegations in this paragraph of the Complaint.

22   36.    Plaintiffs fail to provide the proper context for the allegations concerning "Public

23   Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

24   knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

25   Defendants deny the remaining allegations in this paragraph of the Complaint.

26   37.    Defendants state that the referenced study speaks for itself and respectfully refer the

27   Court to the study for its actual language and text.  Any attempt to characterize the study is

28   denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-14-

ANSWER TO COMPLAINT – 3:08-cv-1351-CRB

1    Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

2    knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

3    Defendants deny the remaining allegations in this paragraph of the Complaint.

4    38.     Defendants admit that there was a clinical trial called APC.  Defendants state that the

5    referenced article speaks for itself and respectfully refer the Court to the article for its actual

6    language and text.  Any attempt to characterize the article is denied.  Defendants deny the

7    remaining allegations in this paragraph of the Complaint.

8    39.     Defendants admit that there was a clinical trial called APC.  Defendants state that the

9    referenced article speaks for itself and respectfully refer the Court to the article for its actual

10   language and text.  Any attempt to characterize the article is denied.  Defendants deny the

11   remaining allegations in this paragraph of the Complaint.

12   40.     Defendants state that the referenced Medical Officer Review speaks for itself and

13   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

14   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

15   allegations in this paragraph of the Complaint.

16   41.     Defendants state that the referenced FDA Class Review speaks for itself and

17   respectfully refer the Court to the CLASS Review for its actual language and text.  Any attempt

18   to characterize the CLASS Review is denied.  Defendants deny the remaining allegations in this

19   paragraph of the Complaint.

20   42.     Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide

21   the proper context for the allegations concerning "other Celebrex trials" contained in this

22   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

23   form a belief as to the truth of such allegations and, therefore, deny the same.  As for the

24   allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state

25   that the referenced study speaks for itself and respectfully refer the Court to the study for its

26   actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the

27   remaining allegations in this paragraph of the Complaint.

28   43.     Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Court to the article for its actual language and text.  Any attempt to characterize the article is

2  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3  44.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

4  Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

5  therefore lack sufficient information or knowledge to form a belief as to the truth of such

6  allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

7  themselves and respectfully refer the Court to the studies for their actual language and text.

8  Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in

9  this paragraph of the Complaint.

10  45.    Defendants state that the referenced Medical Officer Review speaks for itself and

11  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

12  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

13  allegations in this paragraph of the Complaint.

14  46.    Defendants state that allegations in this paragraph of the Complaint regarding Vioxx®

15  in this paragraph of the Complaint are not directed toward Defendants, and therefore no

16  response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide

17  the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in

18  this paragraph of the Complaint.  Defendants therefore lack sufficient information or

19  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

21  the study for its actual language and text.  Any attempt to characterize the study is denied.

22  Defendants deny the remaining allegations in this paragraph of the Complaint.

23  47.    Defendants state that allegations in this paragraph of the Complaint regarding Merck

24  and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

25  therefore no response is required.  To the extent that a response is deemed required, Plaintiffs

26  fail to provide the proper context for the allegations in this paragraph of the Complaint

27  regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack

28  sufficient information or knowledge to form a belief as to the truth of such allegations and,

therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

48.     Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

49.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the allegations in this paragraph of the Complaint.

50.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

51.     Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

52.     Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    53.    Defendants state that Celebrex® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information.  Defendants state that the potential effects of

3    Celebrex® were and are adequately described in its FDA-approved prescribing information,

4    which was at all times adequate and comported with applicable standards of care and law.

5    Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

6    remaining allegations contained in this paragraph of the Complaint.

7    54.    Defendants deny any wrongful conduct and deny the allegations contained in this

8    paragraph of the Complaint.

9    55.    Defendants deny any wrongful conduct and deny the allegations contained in this

10    paragraph of the Complaint.

11    56.    Defendants state that Celebrex® was and is safe and effective when used in accordance

12    with its FDA-approved prescribing information.  Defendants state that the potential effects of

13    Celebrex® were and are adequately described in its FDA-approved prescribing information,

14    which was at all times adequate and comported with applicable standards of care and law.

15    Defendants deny any wrongful conduct and deny the remaining allegations contained in this

16    paragraph of the Complaint.

17    57.    Defendants are without knowledge or information sufficient to form a belief as to the

18    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

19    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

20    effective when used in accordance with its FDA-approved prescribing information.  Defendants

21    state that the potential effects of Celebrex® were and are adequately described in its FDA-

22    approved prescribing information, which was at all times adequate and comported with

23    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

24    Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of

25    the Complaint.

26    58.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

27    Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state

28    that the referenced letter speaks for itself and respectfully refer the Court to the letter for its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:08-cv-1351-CRB

actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

59.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

2   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

3   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

4   United States to be prescribed by healthcare providers who are by law authorized to prescribe

5   drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a

6   prescription medication which is approved by the FDA for the following indications: (1) for

7   relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

8   rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

9   treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

10  in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

11  surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

12  relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

13  and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this

14  paragraph of the Complaint.

15      61.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants state that the potential effects of

17  Celebrex® were and are adequately described in its FDA-approved prescribing information,

18  which at all times was adequate and comported with applicable standards of care and law.

19  Defendants state that Plaintiffs' allegations in this paragraph of the Complaint regarding

20  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

21  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

22  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

23  allegations in this paragraph of the Complaint.

24      62.    Defendants state that Celebrex® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendants state that the potential effects of

26  Celebrex® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

63.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

64.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

65.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint.

4   66.   Defendants deny the allegations in this paragraph of the Complaint.

5   67.   Defendants state that Celebrex® was and is safe and effective when used in accordance

6   with its FDA-approved prescribing information.  Defendants state that the potential effects of

7   Celebrex® were and are adequately described in its FDA-approved prescribing information,

8   which was at all times adequate and comported with applicable standards of care and law.

9   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10   the Complaint.

11   68.   Defendants state that Celebrex® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants state that the potential effects of

13   Celebrex® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16   the Complaint.

17   69.   Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

19   Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

20   Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

21   paragraph of the Complaint.

22   70.   Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

27   remaining allegations in this paragraph of the Complaint.

28   71.   Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

72.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

73.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

74.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

75.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    FDA-approved prescribing information.  Defendants state that the potential effects of

2    Celebrex® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5    the Complaint.

6    76.    Defendants state that this paragraph of the Complaint contains legal contentions to

7    which no response is required.  To the extent that a response is deemed required, Defendants

8    admit that they had duties as are imposed by law but deny having breached such duties.

9    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

10   FDA-approved prescribing information.  Defendants state that the potential effects of

11   Celebrex® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14   the Complaint.

15   77.    Defendants are without knowledge or information sufficient to form a belief as to the

16   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

17   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

18   effective when used in accordance with its FDA-approved prescribing information.  Defendants

19   state that the potential effects of Celebrex® were and are adequately described in its FDA-

20   approved prescribing information, which was at all times adequate and comported with

21   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

22   remaining allegations in this paragraph of the Complaint, including all subparts.

23   78.    Plaintiffs' Complaint omits Paragraph 78.

24   79.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

26   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

27   effective when used in accordance with its FDA-approved prescribing information.  Defendants

28   state that the potential effects of Celebrex® were and are adequately described in its FDA-

1  approved prescribing information, which was at all times adequate and comported with
2  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
3  remaining allegations in this paragraph of the Complaint.

4  80.      Defendants state that Celebrex® was and is safe and effective when used in accordance
5  with its FDA-approved prescribing information.  Defendants state that the potential effects of
6  Celebrex® were and are adequately described in its FDA-approved prescribing information,
7  which was at all times adequate and comported with applicable standards of care and law.
8  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
9  the Complaint.

10  81.      Defendants are without knowledge or information sufficient to form a belief as to the
11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
12  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and
13  effective when used in accordance with its FDA-approved prescribing information.  Defendants
14  state that the potential effects of Celebrex® were and are adequately described in its FDA-
15  approved prescribing information, which was at all times adequate and comported with
16  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that
17  Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this
18  paragraph of the Complaint.

19  82.      Defendants are without knowledge or information sufficient to form a belief as to the
20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
21  Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that
22  Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this
23  paragraph of the Complaint.

24  83.      Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or
25  damage, and deny the remaining allegations in this paragraph of the Complaint.

26  84.      Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or
27  damage, and deny the remaining allegations in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

<u>**Response to Second Cause of Action: Strict Liability**</u>

2   85.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3   Complaint as if fully set forth herein.

4   86.    Defendants are without knowledge or information sufficient to form a belief as to the

5   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

6   Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

7   time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

8   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

9   with their approval by the FDA.  Defendants admit that, during certain periods of time,

10  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

11  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

12  providers who are by law authorized to prescribe drugs in accordance with their approval by the

13  FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

14  consumers without substantial change from the time of sale.  Defendants deny the remaining

15  allegations in this paragraph of the Complaint.

16  87.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Celebrex® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny the remaining allegations in this paragraph of the Complaint.

21  88.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

26  remaining allegations in this paragraph of the Complaint.

27  89.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Celebrex® were and are adequately described in its FDA-approved prescribing information,

2   which was at all times adequate and comported with applicable standards of care and law.

3   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

4   remaining allegations in this paragraph of the Complaint, including all subparts.

5   90.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6   with its FDA-approved prescribing information.  Defendants state that the potential effects of

7   Celebrex® were and are adequately described in its FDA-approved prescribing information,

8   which was at all times adequate and comported with applicable standards of care and law.

9   Defendants deny that Celebrex® is unreasonably dangerous and deny the remaining allegations

10  in this paragraph of the Complaint.

11  91.    Defendants are without knowledge or information sufficient to form a belief as to the

12  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

13  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14  effective when used in accordance with its FDA-approved prescribing information.  Defendants

15  state that the potential effects of Celebrex® were and are adequately described in its FDA-

16  approved prescribing information, which was at all times adequate and comported with

17  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

18  Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

19  remaining allegations in this paragraph of the Complaint.

20  92.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

25  remaining allegations in this paragraph of the Complaint.

26  93.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

28  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-27-

1    effective when used in accordance with its FDA-approved prescribing information.  Defendants

2    state that the potential effects of Celebrex® were and are adequately described in its FDA-

3    approved prescribing information, which was at all times adequate and comported with

4    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

5    Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

6    remaining allegations in this paragraph of the Complaint.

7    94.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10    which was at all times adequate and comported with applicable standards of care and law.

11    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12    the Complaint.

13    95.    Defendants are without knowledge or information sufficient to form a belief as to the

14    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

15    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

16    effective when used in accordance with its FDA-approved prescribing information.  Defendants

17    state that the potential effects of Celebrex® were and are adequately described in its FDA-

18    approved prescribing information, which was at all times adequate and comported with

19    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

20    Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

21    paragraph of the Complaint.

22    96.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23    with its FDA-approved prescribing information.  Defendants state that the potential effects of

24    Celebrex® were and are adequately described in its FDA-approved prescribing information,

25    which was at all times adequate and comported with applicable standards of care and law.

26    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27    the Complaint.

28    97.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

98.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

99.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Third Cause of Action: Breach of Express Warranty

101.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

102.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  effective when used in accordance with its FDA-approved prescribing information.  Defendants

2  state that the potential effects of Celebrex® were and are adequately described in its FDA-

3  approved prescribing information, which was at all times adequate and comported with

4  applicable standards of care and law.  Defendants admit that they provided FDA-approved

5  prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and

6  deny the remaining allegations in this paragraph of the Complaint, including all subparts.

7  104.    Defendants admit that they provided FDA-approved prescribing information regarding

8  Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

9  paragraph of the Complaint.

10  105.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.

16  106.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Celebrex® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21  the Complaint.

22  107.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

24  Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants admit that they provided FDA-approved prescribing information regarding

28  Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

111.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

112.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

115.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

121.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

122.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

124.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

2    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

3    effective when used in accordance with its FDA-approved prescribing information.  Defendants

4    state that the potential effects of Celebrex® were and are adequately described in its FDA-

5    approved prescribing information, which was at all times adequate and comported with

6    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

7    remaining allegations in this paragraph of the Complaint.

8    130.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

10   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

11   effective when used in accordance with its FDA-approved prescribing information.  Defendants

12   state that the potential effects of Celebrex® were and are adequately described in its FDA-

13   approved prescribing information, which was at all times adequate and comported with

14   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

15   remaining allegations in this paragraph of the Complaint.

16   131.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

18   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19   effective when used in accordance with its FDA-approved prescribing information.  Defendants

20   state that the potential effects of Celebrex® were and are adequately described in its FDA-

21   approved prescribing information, which was at all times adequate and comported with

22   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

23   remaining allegations in this paragraph of the Complaint.

24   132.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

26   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

27   effective when used in accordance with its FDA-approved prescribing information.  Defendants

28   state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   approved prescribing information, which was at all times adequate and comported with

2   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

3   remaining allegations in this paragraph of the Complaint.

4   133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5   damage, and deny the remaining allegations in this paragraph of the Complaint.

6   134.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

7   damage, and deny the remaining allegations in this paragraph of the Complaint.

8   135.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

9   damage, and deny the remaining allegations in this paragraph of the Complaint.

10                  **Response to Sixth Cause of Action: Unjust Enrichment**

11  136.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

12  Complaint as if fully set forth herein.

13  137.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

15  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

16  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

17  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

18  Celebrex® in the United States to be prescribed by healthcare providers who are by law

19  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

20  the remaining allegations in this paragraph of the Complaint.

21  138.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

23  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

24  paragraph of the Complaint.

25  139.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

27  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

28  paragraph of the Complaint.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Prayer for Relief**

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

**III.**

**GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**IV.**

2

**AFFIRMATIVE DEFENSES**

3      Defendants reserve the right to rely upon any of the following or additional defenses to

4    claims asserted by Plaintiffs to the extent that such defenses are supported by information

5    developed through discovery or evidence at trial.  Defendants affirmatively show that:

6

**First Defense**

7    1.      The Complaint fails to state a claim upon which relief can be granted.

8

**Second Defense**

9    2.      Celebrex® is a prescription medical product.  The federal government has preempted

10    the field of law applicable to the labeling and warning of prescription medical products.

11    Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

12    federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

13    which relief can be granted; such claims, if allowed, would conflict with applicable federal law

14    and violate the Supremacy Clause of the United States Constitution.

15

**Third Defense**

16    3.      At all relevant times, Defendants provided proper warnings, information, and

17    instructions for the drug in accordance with generally recognized and prevailing standards in

18    existence at the time.

19

**Fourth Defense**

20    4.      At all relevant times, Defendants' warnings and instructions with respect to the use of

21    Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

22    knowledge at the time the drug was manufactured, marketed, and distributed.

23

**Fifth Defense**

24    5.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the

25    applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

26

**Sixth Defense**

27    6.      Plaintiffs' action is barred by the statute of repose.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Seventh Defense**

7.      Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8.      The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.      Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.      Defendants affirmatively deny that they violated any duty owed to Plaintiffs .

**Twelfth Defense**

12.      A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

**Thirteenth Defense**

13.      The product at issue was not in a defective condition or unreasonably dangerous at the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    time it left the control of the manufacturer or seller.

2                                    **Fourteenth Defense**

3    14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

4    for its intended use and the warnings and instructions accompanying Celebrex® at the time of

5    the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved

6    usages.

7                                    **Fifteenth Defense**

8    15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the

9    Celebrex® allegedly ingested by Plaintiffs was prepared in accordance with the applicable

10   standard of care.

11                                   **Sixteenth Defense**

12   16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of

13   the product Celebrex® after the product left the control of Defendants and any liability of

14   Defendants is therefore barred.

15                                  **Seventeenth Defense**

16   17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

17   Defendants.

18                                   **Eighteenth Defense**

19   18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent

20   conditions unrelated to Celebrex®.

21                                   **Nineteenth Defense**

22   19.    Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore,

23   the doctrine of assumption of the risk bars or diminishes any recovery.

24                                    **Twentieth Defense**

25   20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are

26   preempted in accordance with the Supremacy Clause of the United States Constitution and by

27   the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    **Twenty-first Defense**

2    21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

3    the subject pharmaceutical product at issue was subject to and received pre-market approval by

4    the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

5    **Twenty-second Defense**

6    22.    The manufacture, distribution, and sale of the pharmaceutical product referred to in

7    Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

8    and Plaintiffs' causes of action are preempted.

9    **Twenty-third Defense**

10    23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

11    jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

12    issue under applicable federal laws, regulations, and rules.

13    **Twenty-fourth Defense**

14    24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

15    action concerning matters regulated by the Food and Drug Administration under applicable

16    federal laws, regulations, and rules.

17    **Twenty-fifth Defense**

18    25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

19    "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

20    of Comment j to Section 402A of the Restatement (Second) of Torts.

21    **Twenty-sixth Defense**

22    26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

23    because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

24    Restatement (Second) of Torts § 402A, Comment k.

25    **Twenty-seventh Defense**

26    27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

27    product at issue "provides net benefits for a class of patients" within the meaning of Comment f

28    to § 6 of the Restatement (Third) of Torts: Products Liability.

-41-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Twenty-eighth Defense

2      28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

3  Products Liability.

4

### Twenty-ninth Defense

5      29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

6  facts sufficient under the law to justify an award of punitive damages.

7

### Thirtieth Defense

8      30.    Defendants affirmatively aver that the imposition of punitive damages in this case

9  would violate Defendants' rights to procedural due process under both the Fourteenth

10 Amendment of the United States Constitution and the Constitutions of the States of California,

11 Michigan, Washington, South Dakota, Vermont, Wisconsin, Kentucky, New Mexico, South

12 Carolina, and Arkansas, and would additionally violate Defendants' rights to substantive due

13 process under the Fourteenth Amendment of the United States Constitution.

14

### Thirty-first Defense

15     31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

16 Fourteenth Amendments to the United States Constitution.

17

### Thirty-second Defense

18     32.    The imposition of punitive damages in this case would violate the First Amendment to

19 the United States Constitution.

20

### Thirty-third Defense

21     33.    Plaintiffs' punitive damage claims are preempted by federal law.

22

### Thirty-fourth Defense

23     34.    In the event that reliance was placed upon Defendants' nonconformance to an express

24 representation, this action is barred as there was no reliance upon representations, if any, of

25 Defendants.

26

### Thirty-fifth Defense

27     35.    Plaintiffs   failed   to   provide   Defendants   with   timely   notice   of   any   alleged

28 nonconformance to any express representation.

1

**Thirty-sixth Defense**

2

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without

3

proof of causation, the claims violate Defendants' rights under the United States Constitution.

4

**Thirty-seventh Defense**

5

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

6

labeling with respect to the subject pharmaceutical products were not false or misleading and,

7

therefore, constitute protected commercial speech under the applicable provisions of the United

8

States Constitution.

9

**Thirty-eighth Defense**

10

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

11

caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

12

law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

13

protections afforded by the United States Constitution, the excessive fines clause of the Eighth

14

Amendment of the United States Constitution, the Commerce Clause of the United States

15

Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

16

applicable provisions of the Constitutions of the States of Michigan, Washington, South

17

Dakota, Wisconsin, Vermont, Kentucky, South Carolina, Arkansas, New Mexico, and

18

California.  Any law, statute, or other authority purporting to permit the recovery of punitive

19

damages in this case is unconstitutional, facially and as applied, to the extent that, without

20

limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's

21

discretion in determining whether to award punitive damages and/or the amount, if any; (2) is

22

void for vagueness in that it failed to provide adequate advance notice as to what conduct will

23

result in punitive damages; (3) permits recovery of punitive damages based on out-of-state

24

conduct, conduct that complied with applicable law, or conduct that was not directed, or did not

25

proximately cause harm, to Plaintiffs ; (4) permits recovery of punitive damages in an amount

26

that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to

27

the amount of compensatory damages, if any; (5) permits jury consideration of net worth or

28

other financial information relating to Defendants; (6) lacks constitutionally sufficient standards

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-43-

1  to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks

2  constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

3  otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific*

4  *Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources,*

5  *Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State*

6  *Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

7

8  39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

9  and marketing of Celebrex®, if any, used in this case, included adequate warnings and

10  instructions with respect to the product's use in the package insert and other literature, and

11  conformed to the generally recognized, reasonably available, and reliable state of the

12  knowledge at the time the product was marketed.

**Fortieth Defense**

13

14  40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

15  tested, manufactured, and labeled in accordance with the state-of-the-art industry standards

16  existing at the time of the sale.

**Forty-first Defense**

17

18  41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

19  information and belief, such injuries and losses were caused by the actions of persons not

20  having real or apparent authority to take said actions on behalf of Defendants and over whom

21  Defendants had no control and for whom Defendants may not be held accountable.

**Forty-second Defense**

22

23  42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

24  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

25  intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

26

27  43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

28  waiver, and/or estoppel.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:08-cv-1351-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Forty-fourth Defense

44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiffs would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fiftieth Defense

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs .

**Fifty-second Defense**

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.   Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.     Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:08-cv-1351-CRB

**Fifty-sixth Defense**

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.     Plaintiffs' claims are barred, in whole or in part, pursuant to South Carolina Code Ann. § 15-3-20.

**Fifty-ninth Defense**

59.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Rule 9 of the Arkansas Rules of Civil Procedure, and should be dismissed.

**Sixtieth Defense**

60.     Any claims for breach of warranty are barred for lack of reasonable reliance, lack of timely notice, lack of privity, and because the alleged warranties were excluded and/or disclaimed.

**Sixty-first Defense**

61.     Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101, et seq.

**Sixty-second Defense**

62.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

**Sixty-third Defense**

63.     Any injuries and damages suffered by Plaintiffs, which injuries and damages are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    expressly denied, are the direct and proximate result of Plaintiffs' own comparative and

2    contributory negligence and Plaintiffs' recovery should be barred, or alternatively, reduced

3    proportionately to Plaintiffs' own comparative negligence.

### Sixty-fourth Defense

4

5    64.     Plaintiffs' claims are barred, in whole or in part, pursuant to South Carolina Code Ann.

6    § 15-3-20.

### Sixty-fifth Defense

7

8    65.     The product in question was approved as safe and effective by the FDA and the labeling

9    for said product was in compliance with FDA's approval at the time the products left the

10   control of one or more Defendants and hence, Plaintiffs' claims are barred by MCL

11   600.2946(5).

### Sixty-sixth Defense

12

13   66.     Plaintiffs' claim for non-economic damages is capped pursuant to MCL 600.2946a.

### Sixty-seventh Defense

14

15   67.     To the extent Plaintiffs prove that the products in question caused or contributed to any

16   injury they may have suffered, which is denied by these Defendants, these Defendants should

17   not be liable to warn as Plaintiffs cannot prove that the scientific, technical or medical

18   information that was reasonably available at the time was known or should have been known by

19   the Defendants. MCL 600.2948.

### Sixty-eighth Defense

20

21   68.     Defendants assert all of the protections and defenses afforded them, and Plaintiffs'

22   claims of liability or damages are limited pursuant to the Michigan Products Liability Act

23   including specifically, but not limited to MCL 600.2946 through MCL 600.6306, including

24   MCL 600.2946, MCL 600.2946(a), MCL 600.2947, MCL 600.2948, MCL 600.2956, MCL

25   600.2957 and MCL 600.2959.

### Sixty-ninth Defense

26

27   69.     The product alleged to have caused damages may not have been used in the manner and

28   for the purposes intended.  Such improper use and/or abuse of the product for an unforeseeable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    purpose and in an unforeseeable manner may have proximately caused or contributed to the

2    alleged injuries, if any, and therefore there is no recovery available against Defendants pursuant

3    to MCL 600.2947.

4                                        **Seventieth Defense**

5    70.    Plaintiffs' claim for non-economic damages is barred for the reason that Plaintiffs'

6    percentage of comparative fault is greater than the aggregate fault of the Defendants and non-

7    parties hereto, pursuant to MCL 600.2959 and MCL 600.6306; but that to the extent allowable,

8    must be reduced in total or part pursuant to 600.2946(a).

9                                        **Seventy-first Defense**

10    71.    The claims set forth in Plaintiffs' Complaint are barred in that the product in question

11    was provided to a sophisticated user. In this case, the "user" would include any prescribing

12    physician.

13                                        **Seventy-second Defense**

14    72.    Plaintiffs failed to make every reasonable effort to mitigate, prevent and/or reduce their

15    alleged damages, injuries, and monetary losses.

16                                        **Seventy-third Defense**

17    73.    Plaintiffs' claims, part of Plaintiffs' claims, or evidence relating to Plaintiffs' claims

18    may be barred in whole or in part due to possible spoliation of evidence by Plaintiffs, or those

19    within Plaintiffs' control or with full knowledge of Plaintiffs.

20                                        **Seventy-fourth Defense**

21    74.    Any claims for punitive damages are barred in that they are not allowable under

22    Michigan law. To the extent that they are allowed contrary to Michigan law, such claims further

23    violate Defendants' constitutional rights under the following clauses of the United States

24    Constitution, as well as any similar provisions under the Michigan Constitution: Commerce

25    Clause, Contracts Clause, Supremacy Clause, Due Process, Takings Clause, Excessive Fines

26    and Equal Protection.

27                                        **Seventy-fifth Defense**

28    75.    Defendants plead the applicability of the Washington Products Liability Act, RCW 7.72

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-49-

et seq., and specifically aver that Plaintiffs' common law claims are preempted by the statute and must be dismissed.

### Seventy-sixth Defense

76.     The claims asserted in the Complaint are barred, in whole or in part, because Defendants did not violate the Kentucky Consumer Protection Act, KRS 367.170 et seq., and/or this Act is not applicable to this matter and/or to these Plaintiffs.

### Seventy-seventh Defense

77.     Defendants incorporate by reference, as though set out in full herein, any and all defenses which are or may become available to them under the Product Liability Act of Kentucky, KRS § 411.300-411.350.

### Seventy-eighth Defense

78.     Defendants incorporate by reference, as though set out in full herein, any and all defenses which are or may become available to them under the Uniform Commercial Code as adopted in Kentucky, KRS Sub. Chap. 355.

### Seventy-ninth Defense

79.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendants be awarded their costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses, or damages is attributable to each person;

5.     That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    liability which proximately caused Plaintiffs' injuries and damages; and

2    6.    That Defendants have such other and further relief as the Court deems appropriate.

3

4    April 24, 2008                          GORDON & REES LLP

5

6                                            By: :_____/s/_____

7                                                Stuart M. Gordon
                                                 sgordon@gordonrees.com
8                                                Embarcadero Center West
                                                 275 Battery Street, 20th Floor
9                                                San Francisco, CA 94111
                                                 Telephone:  (415) 986-5900
10                                               Fax:  (415) 986-8054

11   April 24, 2008                          TUCKER ELLIS & WEST LLP

12

13                                           By: :_____/s/_____

14                                               Michael C. Zellers
                                                 michael.zellers@tuckerellis.com
15                                               515 South Flower Street, Suite 4200
                                                 Los Angeles, CA 90071
16                                               Telephone:  (213) 430-3400
                                                 Fax:  (213) 430-3409
17
                                                 Attorneys for Defendants
18                                               PFIZER INC., PHARMACIA
                                                 CORPORATION, and G.D. SEARLE
19                                               LLC

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:08-cv-1351-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

## JURY DEMAND

2    Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  April 24, 2008                          GORDON & REES LLP

6

7                                          By: :_____/s/_____

8                                              Stuart M. Gordon
                                               sgordon@gordonrees.com
9                                              Embarcadero Center West
                                               275 Battery Street, 20th Floor
10                                             San Francisco, CA  94111
                                               Telephone:  (415) 986-5900
11                                             Fax:  (415) 986-8054

12

13 April 24, 2008                          TUCKER ELLIS & WEST LLP

14

15                                         By: :_____/s/_____

16                                             Michael C. Zellers
                                               michael.zellers@tuckerellis.com
17                                             515 South Flower Street, Suite 4200
                                               Los Angeles, CA 90071
18                                             Telephone:  (213) 430-3400
                                               Fax:  (213) 430-3409

19                                             Attorneys for Defendants
20                                             PFIZER INC., PHARMACIA
                                               CORPORATION, and G.D. SEARLE
21                                             LLC

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:08-cv-1351-CRB